BENJAMIN C. MIZER, Principal Deputy Assistant Attorney General
JOHN W. HUBER, United States Attorney
DANIEL D. PRICE, Assistant United States Attorney (Utah Bar No. 2646)
JACQUELINE COLEMAN SNEAD, Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar No. 9846)
kathryn.wyer@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C.   20530
Tel: (202) 616-8475
*Attorneys for Petitioner*

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,<br><br>Petitioner,<br>v.<br><br>UTAH DEPARTMENT OF COMMERCE and UTAH DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING,<br><br>Respondents. | CASE NO. 2:16-cv-611-DN<br><br>**PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS ISSUED BY THE DRUG ENFORCEMENT ADMINISTRATION**<br><br>Chief Judge David Nuffer |

Petitioner the United States Department of Justice, Drug Enforcement Administration ("DEA") hereby brings this petition to enforce an administrative subpoena issued by DEA and duly served upon Respondents the Utah Department of Commerce and the Utah Division of Occupational & Professional Licensing ("Respondents") pursuant to 21 U.S.C. § 876 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("Controlled Substances Act" or "CSA"), 21 U.S.C. §§ 801 *et seq.*

## PARTIES

1. Petitioner DEA is a component of the United States Department of Justice, an agency of the Executive Branch. DEA is the principal federal agency responsible for investigating potential violations of the CSA, including not only the manufacture and distribution of illegal controlled substances, but also the illegal diversion or misuse of otherwise legal prescription drugs. DEA administers the registration process that health care providers must follow in order to be authorized to prescribe or dispense controlled substances and investigates allegations that illegal diversion by a registrant is occurring.

2. Respondent the Utah Department of Commerce is an agency of the State of Utah, with a principal office at 160 East 300 South, Salt Lake City, Utah 84111, that provides oversight of business registrations, trademarks, Uniform Commercial Code filings, professional and occupational licensing, consumer protection, public utilities, securities, real estate and residential mortgage lending.

3. Respondent the Utah Division of Occupational & Professional Licensing is a division within the Utah Department of Commerce, with a principal office at 160 East 300 South, Salt Lake City, Utah 84111, that is responsible for administering and maintaining Utah's controlled substance database pursuant to the Utah Controlled Substance Database Act, Utah Code Ann. § 58-37f-201.

## JURISDICTION AND VENUE

4. This is a proceeding brought pursuant to 21 U.S.C. § 876(c) to judicially enforce a DEA subpoena issued under the authority of 21 U.S.C. § 876(a).

5. This Court has subject matter jurisdiction over this petition pursuant to 21 U.S.C. § 876(c) and 28 U.S.C. §§ 1331 and 1345. Venue is appropriate pursuant to 21 U.S.C. §§ 875 and 976 and 28 U.S.C. § 1391(b)(1).

## STATUTORY BACKGROUND

6. The CSA categorizes controlled substances into five schedules, based on "their accepted medical uses, the potential for abuse, and their psychological and physical effects on the body." *Gonzales v. Raich*, 545 U.S. 1, 13 (2005) (citing 21 U.S.C. §§ 811, 812). Drugs in Schedules II-V have a currently accepted medical use and may be dispensed for such use with a prescription, subject to any applicable limitations or restrictions. *See* 21 U.S.C. § 812. Those who issue prescriptions for controlled substances first must obtain a DEA registration. 21 U.S.C. § 822; 21 C.F.R. § 1301.11(a). DEA may suspend or revoke a registration if it determines that the registrant has committed acts that would render his registration inconsistent with the public interest. 21 U.S.C. 824; 21 C.F.R. § 1301.36. Among the factors relevant to the public interest is whether the registrant maintains effective control against diversion of controlled substances for other than legitimate medical purposes. 21 U.S.C. § 823. The CSA imposes criminal penalties on those who distribute controlled substances except as authorized by the CSA. 21 U.S.C. § 841.

7. DEA is authorized to investigate potential violations of the CSA, including its registration requirements. *See* 28 C.F.R. §§ 0.100, 0.101(a); 21 C.F.R. §§ 1301.01 *et seq.* Pursuant to its investigative responsibilities, DEA is authorized to issue an administrative subpoena to "require the production of any records (including books, papers, documents, and other tangible things which constitute or contain evidence) which [it] finds relevant or material to" any investigation that DEA is conducting. 21 U.S.C. § 876(a).

## FACTUAL BACKGROUND

8. DEA is conducting an investigation concerning possible violations of the CSA by an individual in the Salt Lake metropolitan area who, at the time the investigation began, was registered to dispense controlled substances pursuant to 21 U.S.C. § 823. The investigation is ongoing.

9. In connection with that ongoing investigation, on November 12, 2015, investigators in DEA's Office of Diversion Control properly served an administrative subpoena on Francine A. Giani, Executive Director of Utah Department of Commerce, and Mark Steinagel, Director of Occupational and Professional Licensing. The subpoena sought a full controlled substance report from the Utah Controlled Substance Database ("Database") for the subject of DEA's investigation, identifying all controlled substance prescriptions issued by the subject of the investigation and to whom they were issued for the period January 8, 2015 to the present. The compliance date on the subpoena was November 23, 2015.

10. The records sought are relevant to DEA's ongoing investigation.

11. As of this date, Respondents have not complied with DEA's subpoena. By letter dated November 12, 2015, Assistant Attorney General David N. Wolf indicated that Ms. Giani and Mr. Steinagel would not comply with DEA's subpoena because Utah Code Ann. § 58-37f-301(2)(k) prohibits the production of the requested materials absent a search warrant.

12. DEA administrative subpoenas must be enforced irrespective of Utah state law because Federal law preempts the state statute and, therefore, a properly served administrative subpoena need not meet the additional requirements of Utah law.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner respectfully requests:

1. That this Court enter an order requiring Respondents to produce the records and information requested by DEA's subpoena; and

2. For such other relief as may be necessary and appropriate.

DATED this 14th day of June, 2016.

>Respectfully submitted,
>
>BENJAMIN C. MIZER
>Principal Deputy Assistant Attorney General
>JOHN W. HUBER
>United States Attorney
>DANIEL D. PRICE (Utah Bar No. 2646)
>Assistant United States Attorney (Utah Bar No. 2646)
>JACQUELINE COLEMAN SNEAD
>Assistant Director, Federal Programs Branch
>s/ Daniel D. Price
>s/ Kathryn L. Wyer
>KATHRYN L. WYER (Utah Bar No. 9846)
>kathryn.wyer@usdoj.gov
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue, NW
>Washington, D.C.   20530
>Tel: (202) 616-8475
>*Attorneys for Petitioner*