John Mejia, USB No. 13965
Leah Farrell, USB No. 13696
jmejia@acluutah.org
lfarrell@acluutah.org
ACLU of Utah Foundation
355 North 300 West
Salt Lake City, UT 84103
(801) 521-9862

Nathan Freed Wessler (*pro hac vice* application pending)
Brett Max Kaufman (*pro hac vice* application pending)
nwessler@aclu.org
bkaufman@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

*Attorneys for Respondents–Intervenors*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,<br><br>*Petitioner*,<br>v.<br><br>UTAH DEPARTMENT OF COMMERCE and UTAH DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING,<br><br>*Respondents*. | Case No. 2:16-cv-611-DN<br><br>**MOTION TO PROCEED USING PSEUDONYMS AND MEMORANDUM IN SUPPORT**<br><br>Chief Judge David Nuffer |

i

UNITED STATES DEPARTMENT OF
JUSTICE, DRUG ENFORCEMENT
ADMINISTRATION,

   *Petitioner*,
 v.

IAFF LOCAL 1696, EQUALITY UTAH,
AMERICAN CIVIL LIBERTIES UNION OF
UTAH, JOHN DOE 1, and JOHN DOE 2,

   *Respondents–Intervenors*.

## TABLE OF CONTENTS

Table of Authorities ............................................................................................................ iv

Relief Sought and Grounds for Motion ...........................................................................1

Factual Background ...........................................................................................................1

Argument .............................................................................................................................2

    I.     John Does 1 and 2 should be permitted to proceed pseudonymously because anonymity is necessary to protect the right to privacy integral to their substantive claims. ..................................................................................................3

    II.    John Does 1 and 2 should be permitted to proceed pseudonymously because the case involves matters of a sensitive and highly personal nature.............................7

Conclusion ...........................................................................................................................9

**TABLE OF AUTHORITIES**

**Cases**

*Coe v. U.S. Dist. Court for Dist. of Col.*, 676 F.2d 411 (10th Cir. 1982) ................................... 5, 6

*Compassion in Dying v. Washington*, 850 F. Supp. 1454 (W.D. Wash. 1994) .............................. 8

*Doe v. Att'y Gen. of the U.S.*, 723 F. Supp. 452 (N.D. Cal. 1989) .................................................. 8

*Doe v. Att'y Gen. of the U.S.*, 941 F.2d 780 (9th Cir. 1991) ............................................................ 2

*Doe v. Blue Cross & Blue Shield*, 794 F. Supp. 72 (D.R.I. 1992) ................................................... 8

*Doe v. Broderick*, 225 F.3d 440 (4th Cir. 2000) ............................................................................. 2

*Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001) ..................................................................................... 2

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) ............................................................................. 3, 7

*Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997) ................................. 8

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) ................................ 6

*EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003) ............................................................ 6, 8

*Femedeer v. Haun*, 227 F.3d 1244 (10th Cir. 2000) ............................................................. 3, 5, 7

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) .................................................................................. 2

*Heller v. Doe ex rel. Doe*, 509 U.S. 312 (1993) ............................................................................. 2

*John Doe No. 1 v. Reed*, 561 U.S. 186 (2010) ............................................................................ 2, 4

*Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118 (10th Cir. 1979) ............................................ 3, 5

*M.M. v. Zavaras*, 939 F. Supp. 799 (D. Colo. 1996) ...................................................................... 5

*M.S. v. Wermers*, 557 F.2d 170 (8th Cir. 1977) .............................................................................. 4

*NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958) .......................................................... 4

*Patient v. Corbin*, 37 F. Supp. 2d 433 (E.D. Va. 1998) ................................................................. 8

*Poe v. Ullman*, 367 U.S. 497 (1961) ............................................................................................... 2

*Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810
   (10th Cir. 2006) .................................................................................................. 3, 5

*Roe ex rel. Roe v. Ingraham*, 364 F. Supp. 536 (S.D.N.Y. 1973) ............................... 5, 9

*Roe v. Catholic Health Initiatives Col.*, No. 11-CV-02179, 2012 WL 12840
   (D. Colo. Jan. 4, 2012) ............................................................................................ 4

*Roe v. Sherry*, 91 F.3d 1270 (9th Cir. 1996) ............................................................. 2, 8

*Roe v. Wade*, 410 U.S. 113 (1973) ................................................................................ 2

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707
   (5th Cir. 1979) ......................................................................................................... 6

*Smith v. Doe*, 538 U.S. 84 (2003) ................................................................................. 2

*Sunlust Pictures, LLC v. Cisa*, No. 12-CV-00656, 2012 WL 5187837
   (D. Colo. Oct. 19, 2012) ......................................................................................... 4

*Whalen v. Roe*, 429 U.S. 589 (1977) ............................................................................. 2

**RELIEF SOUGHT AND GROUNDS FOR MOTION**

Pursuant to Federal Rule of Civil Procedure 7(b), Respondents–Intervenors John Doe 1 and John Doe 2 ("Doe Intervenors") move for leave to use pseudonyms in connection with their intervention in this case in order to preserve their constitutional right to privacy. Respondents Utah Department of Commerce and Utah Division of Occupational and Professional Licensing consent to this motion. Petitioner Drug Enforcement Administration ("DEA") opposes this motion.

The Court should grant John Does 1 and 2 leave to use pseudonyms for the following reasons:

1. the right to privacy that the Doe Intervenors seek to defend through intervention would be violated by disclosure of their identities; and
2. the case concerns matters of a highly sensitive and personal nature.

**FACTUAL BACKGROUND**

As discussed in detail in Intervenors' Motion to Intervene, Intervenors seek to intervene in this action to protect their constitutional right to be free of unreasonable searches. The underlying lawsuit involves a dispute between the State of Utah and the federal DEA over whether the DEA can obtain protected health information from the Utah Controlled Substances Database ("UCSD") using an administrative subpoena, in violation of Utah's statutory requirement that law enforcement obtain a valid search warrant to access the database. The outcome of this action will affect the protections afforded to the private medical information of Intervenors. They seek to intervene to advance the argument that the Fourth Amendment requires the DEA to obtain a warrant before requesting prescription records from the UCSD.

The Doe Intervenors ask the Court to permit them to proceed in this case under pseudonyms because the foundation of their argument is that they have a reasonable expectation of privacy in their prescription records under the Fourth Amendment. The prescription information of John Does 1 and 2, as set out in their declarations filed herewith, reveals sensitive, private, and highly personal details concerning their medical diagnoses and treatment. The Court should permit John Does 1 and 2 to use pseudonyms because otherwise the constitutional interests they seek to protect will be impaired before the Court can even consider the merits of their arguments. In addition, John Does 1 and 2 should be permitted to proceed pseudonymously because the information requested is of a sensitive and highly personal nature.

## ARGUMENT

Parties frequently proceed under pseudonyms in cases involving the privacy of sensitive medical information or other similarly sensitive information. *E.g.*, *Whalen v. Roe*, 429 U.S. 589 (1977); *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001); *Doe v. Broderick*, 225 F.3d 440 (4th Cir. 2000); *Roe v. Sherry*, 91 F.3d 1270 (9th Cir. 1996); *Doe v. Att'y Gen. of the U.S.*, 941 F.2d 780 (9th Cir. 1991), *vacated on other grounds sub nom. Reno v. Doe ex rel. Lavery*, 518 U.S. 1014 (1996); *see also John Doe No. 1 v. Reed*, 561 U.S. 186 (2010) (First Amendment challenge to state's disclosure of referendum petition signatures); *Smith v. Doe*, 538 U.S. 84 (2003) (challenge to constitutionality of sex offender registry); *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) (suit alleging release of personal information in violation of federal statute); *Heller v. Doe ex rel. Doe*, 509 U.S. 312 (1993) (constitutional challenge to involuntary commitment of mentally retarded persons); *Roe v. Wade*, 410 U.S. 113 (1973) (suit regarding constitutional right to abortion); *Poe v. Ullman*, 367 U.S. 497 (1961) (challenge to constitutionality of state statutes

prohibiting the use of contraceptive devices and the provision of medical advice about contraceptive devices). Reviewing cases in which a party has been permitted to proceed under a pseudonym, the Tenth Circuit identified the common feature among them: "there is an important privacy interest to be recognized." *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979).

This is such a case. First, this is a case involving a constitutionally protected interest in privacy that would be eliminated at the outset if the Doe Intervenors are forced to proceed under their real names. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) ) (explaining that anonymity is appropriate "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity"). Second, anonymity is necessary here to preserve privacy in "matters of a highly sensitive and personal nature." *Id.* Thus, this case presents "exceptional circumstances [in which] the need for anonymity outweighs the presumption in favor of open court proceedings." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (quotation marks omitted).

I. **John Does 1 and 2 should be permitted to proceed pseudonymously because anonymity is necessary to protect the right to privacy integral to their substantive claims.**

John Does 1 and 2 seek to intervene in this lawsuit to assert their constitutional right to privacy in their protected medical information, which requires law enforcement to obtain a warrant based on probable cause in order to access this information from the UCSD. They must be permitted to proceed pseudonymously because public disclosure of their identities at the outset of this lawsuit would destroy the very right to privacy that they are trying to protect by

3

intervening. The law does not require that in order to assert their constitutional rights in court, the Doe Intervenors must first relinquish those same rights. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 459 (1958) (rejecting judicial rule that would require an individual to identify himself in order to assert his First Amendment right to anonymous association because it "would result in nullification of the right at the very moment of its assertion"); *M.S. v. Wermers*, 557 F.2d 170, 176 (8th Cir. 1977) (rejecting requirement that minor plaintiff disclose her participation in the lawsuit to her parents where it would "substantially nullify the privacy right she seeks to vindicate").

 Recognizing that in certain cases participation using a party's real name would impair the rights that the party seeks to protect, courts have logically permitted individuals to proceed anonymously where the substantive claim at issue involves the right to privacy or anonymity. *See, e.g.*, *Reed*, 561 U.S. 186 (proceeding pseudonymously in suit to enjoin Washington State from disclosing the identities of petition signers after the district court granted a protective order against the disclosure of their identities); *Smith*, 538 U.S. 84 (proceeding pseudonymously in a challenge to sex offender registration and community notification system after the Ninth Circuit, in an unpublished decision, reversed the district court's denial of motion to proceed pseudonymously); *Roe v. Catholic Health Initiatives Col.*, No. 11-CV-02179, 2012 WL 12840 (D. Colo. Jan. 4, 2012) (permitting plaintiffs to proceed pseudonymously where plaintiff alleged that defendant violated of provisions of the Americans with Disabilities Act relating to medical privacy); *Sunlust Pictures, LLC v. Cisa*, No. 12-CV-00656, 2012 WL 5187837, *3 (D. Colo. Oct. 19, 2012) (permitting plaintiffs to proceed pseudonymously because "[r]equiring Movants to proceed without anonymity would effectively moot the very relief they seek"); *Broderick*, 225

F.3d 440 (proceeding pseudonymously in Fourth Amendment challenge to warrantless search of confidential medical records at methadone clinic); *Roe ex rel. Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973), *rev'd on other grounds sub nom. Whalen v. Roe*, 429 U.S. 589 (1977) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid."); *cf. Lindsey*, 592 F.2d at 1125 (citing *Roe v. Ingraham* approvingly); *Femedeer*, 227 F.3d 1246; *Raiser*, 182 F. App'x at 812 n.2 (a party should be permitted to proceed pseudonymously if the basis of a lawsuit was the prevention of the disclosure of the party's identity).

Although the public ordinarily has an interest in knowing the names of parties to lawsuits, that interest is outweighed where, as here, the public has an overriding interest in ensuring the protection of Fourth Amendment privacy rights and permitting individuals to contest government action that may violate their constitutional rights. *Raiser*, 182 F. App'x at 811 ("[T]here is a substantial benefit to maintaining open court proceedings. . . . Nonetheless . . . there is also a public benefit in allowing some litigants to proceed anonymously."); *M.M. v. Zavaras*, 939 F. Supp. 799, 801–02 (D. Colo. 1996) ("The issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant. Of course privacy interests are recognized in particular circumstances to be in the public interest."); *Coe v. U.S. Dist. Court for Dist. of Colo.*, 676 F.2d 411, 416 (10th Cir. 1982) ("[W]here the issues involved are matters of a sensitive and highly personal nature, . . . the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne &*

*Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979))); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) ("[P]ermitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward."). The Doe Intervenors are among the individuals whose personal and private medical information is at stake in this litigation. The basis of their legal claims is that they have filled prescriptions for controlled substances in Utah and that their Fourth Amendment rights would be violated if the DEA were able to gain access to their prescription records—and the confidential medical information that those records reveal—without obtaining a warrant. If the Doe Intervenors are not permitted to defend their rights pseudonymously, they will not have any practicable way of asserting their rights in court without revealing the very information they are trying to protect. That result would be inconsistent with the public's interest in ensuring that individuals have access to court to enforce their constitutional rights.

Moreover, because the petitioner in this action is a government agency, the balance of interests is weighted toward allowing anonymity: parties to a lawsuit are regularly "allowed . . . to proceed anonymously [when they are] challenging the constitutional, statutory or regulatory validity of government activity." *Coe*, 676 F.2d at 416 (quoting *S. Methodist*, 599 F.2d at 713); *see also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong."). This is in part because, unlike in civil suits between private parties, "such suits involve no injury to the Government's 'reputation.'" *Coe*, 676 F.2d at 416–17 (quoting *S. Methodist*, 599 F.2d at 713). Therefore, use of pseudonyms in this case is warranted.

## II.   John Does 1 and 2 should be permitted to proceed pseudonymously because the case involves matters of a sensitive and highly personal nature.

John Does 1 and 2 should also be allowed to proceed under pseudonyms because this case involves "matters of a highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246 (quoting *Doe*, 951 F.2d at 324) (recognizing that plaintiffs are permitted to proceed pseudonymously when anonymity is necessary to preserve privacy in such matters). This case involves protected prescription records that reveal confidential and sensitive details about John Does 1 and 2's medical conditions—quintessentially sensitive and highly personal matters.

In their Declarations, John Does 1 and 2 have disclosed which specific Schedule II or IV medications they have taken in the past, currently take, and expect to continue taking, as well as the underlying medical conditions those medications treat. Doe 1 Decl. ¶¶ 4–17; Doe 2 Decl. ¶¶ 4–25. Disclosure of this information in the Doe Intervenors' Declarations is necessary in order to allege their Fourth Amendment claim that their reasonable expectation of privacy in their prescription records will be violated if the DEA is permitted to obtain protected health information from the UCSD without a warrant. The Doe Intervenors' prescriptions for psychiatric drugs, among others, reveal private details of their mental health, their medical conditions, and the status of their treatment.

The information revealed by the prescription records of John Does 1 and 2 is sensitive and highly personal information that is sufficient on its own to allow them to proceed pseudonymously. *Femedeer*, 227 F.3d at 1246. John Doe 1 suffers from Attention Deficit Hyperactivity Disorder ("ADHD"). Doe 1 Decl. ¶ 4. A record showing that John Doe 1 takes Adderall, Dexedrine, and Desoxyn is profoundly private and potentially stigmatizing, both personally and professionally. *Id.* ¶¶ 19–22. John Doe 2 has suffered from anxiety and

7

depression, along with ADHD. Doe 2 Decl. ¶¶ 6, 22. His prescription records show that he has taken clonazepam, an anti-anxiety medication, and Adderall. *Id.* ¶¶ 7, 22. John Doe 2's records thus reveal that he has received treatment for a mental illness. *Id*. ¶¶ 6–12. John Doe 2 considers this information private. *Id.* ¶ 27–30.

Courts routinely permit parties to proceed under a pseudonym where such private and potentially stigmatizing medical and mental health information would otherwise be disclosed and associated with an individual. *See, e.g.*, *Sherry*, 91 F.3d 1270 (pseudonym used on appeal where HIV status would otherwise be revealed) (order permitting use of pseudonym docketed Sept. 26, 1995); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (pseudonym used where bipolar disorder at issue); *N.Y. Blood Ctr.*, 213 F.R.D. at 112–13 (permitting use of pseudonym by plaintiff with hepatitis B); *Patient v. Corbin*, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998) (finding plaintiff and her husband have a substantial privacy interest in protecting fact that plaintiff's husband is HIV positive); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 465–69 (E.D. Pa. 1997) (pseudonym used where case involved psychiatric disorders, including a general anxiety disorder, dysthymic disorder, and adult attention deficit disorder); *Compassion in Dying v. Washington*, 850 F. Supp. 1454, 1456 & n.2 (W.D. Wash. 1994) (pseudonyms used to protect privacy of plaintiffs with terminal illnesses, including cancer, emphysema, and AIDS), *aff'd.*, 79 F.3d 790 (9th Cir. 1996), *rev'd sub nom. Washington v. Glucksberg*, 521 U.S. 702 (1997); *Doe v. Blue Cross & Blue Shield*, 794 F. Supp. 72, 74 (D.R.I. 1992) (permitting use of pseudonym because, "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion"); *Doe v. Att'y Gen. of the U.S.*, 723 F. Supp. 452, 453 n.1 (N.D. Cal. 1989), *aff'd in part and vacated in part*, 941 F.2d 780 (9th Cir.

1991) (pseudonym used to protect privacy where HIV status of plaintiff would otherwise be revealed); *Ingraham*, 364 F. Supp. at 541 n.7 (pseudonym used for prescription drug users, including a postoperative cancer patient and an individual suffering from migraine headaches).

## CONCLUSION

For the foregoing reasons, the Doe Intervenors' motion for leave to use pseudonyms should be granted.

July 28, 2016                                                                 Respectfully submitted,

                                                                               /s/ John Mejia
                                                                              John Mejia, USB No. 13965
                                                                              Leah Farrell, USB No. 13696
                                                                              ACLU of Utah Foundation
                                                                              355 North 300 West
                                                                              Salt Lake City, UT 84103
                                                                              (801) 521-9862
                                                                              jmejia@acluutah.org

                                                                               /s/ Nathan Freed Wessler
                                                                              Nathan Freed Wessler*
                                                                              Brett Max Kaufman*
                                                                              American Civil Liberties Union Foundation
                                                                              125 Broad Street, 18th Floor
                                                                              New York, NY 10004
                                                                              (212) 549-2500
                                                                              nwessler@aclu.org
                                                                              **pro hac vice* application pending

                                                                              *Counsel for Respondents–Intervenors*[1]

---

[1] ACLU legal fellow Eliza Sweren-Becker, who is admitted to practice in New York State, contributed to the drafting of this brief.