IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,** | |
| *Petitioner*, | |
| v. | Case No. 2:16-cv-611-DN |
| **UTAH DEPARTMENT OF COMMERCE** and **UTAH DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING,** | RULING & ORDER |
| | Chief Judge David Nuffer |
| *Respondents*. | Magistrate Judge Dustin B. Pead |
| **UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,** | |
| *Petitioner*, | |
| v. | |
| **IAFF LOCAL 1696, EQUALITY UTAH, AMERICAN CIVIL LIBERTIES UNION OF UTAH, JOHN DOE 1, and JOHN DOE 2,** | |
| *Respondents–Intervenors*. | |

Before the court is IAFF Local 1696, Equality Utah, the American Civil Liberties Union of Utah, John Doe 1 and John Doe 2 (collectively, the "Movants") motion to intervene (Dkt. No. 19.) A hearing was held on October 13, 2016, with counsel for Petitioner, Respondents, and Movants in attendance (Dkt. No. 37.) At that time, the Court heard argument and issued a ruling as set forth herein.[1]

At the outset, the court notes that its ruling is limited solely to the issue of intervention and the court does not address the underlying merits of the case or make any determination regarding Fourth Amendment privacy interests in personal, medical information.

## BACKGROUND

Pursuant to state statute, since 1995, the State of Utah has maintained the Utah Controlled Substances Database (the "UCSD".) The UCSD is an electronic database that records information about "every prescription for a controlled substance dispensed in the state to any individual other than an impatient in a licensed health care facility." Utah Code Ann. §58-37f-201(5)(a). The records include, among other things, identifying information about the individuals for whom the prescriptions are written.

Prior to 2015, Utah allowed any law enforcement agency to access UCSD information without a warrant or other process if the officer asserted the access was made in furtherance of a criminal investigation. However, in March 2015, the Utah legislature modified the UCSD statute limiting disclosure of information in the database to federal, state, and local law enforcement agencies only "pursuant to a valid search warrant." *See* Utah Code Ann. § 58-37f-301(2)(m).

In this proceeding, the United States Department of Justice, Drug Enforcement Administration ("DEA"), petitions the Court to enforce a DEA administrative subpoena for

---

[1] The court has also reviewed Movants' Proposed Order (Dkt. No. 44), the DEA's Objection to Proposed Order (Dkt. No. 45) and Movants' Response to the DEA's Objections (Dkt. No. 46.)

1

UCSD records concerning all controlled substance prescriptions issued over a several-month period by a medical professional who is suspected of prescribing controlled substances in violation of the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801 *et seq.* (Dkt. No. 2.) The DEA's subpoena and petition are directed at Respondents, the Utah Department of Commerce and the Utah Division of Occupational and Professional Licensing. Citing the state statute's warrant requirement, Respondents refuse to provide the DEA with the UCSD records requested in the subpoena (Dkt. No. 24.)

Movants are two individuals with prescription records in the UCSD, as well as organizations representing people who have records in the UCSD. Movants seek to intervene in the proceeding and have filed a proposed brief in opposition to the DEA's petition (Dkt. No. 25.) Movants assert they should be allowed to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure or, in the alternative, should be granted permissive intervention pursuant to Federal Rule 24(b).

## ANALYSIS

**A.  Intervention of Right Under Rule 24(a) Is Not Appropriate In This Case.**

Federal Rule of Civil Procedure 24(a) allows intervention of right when a Movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protects its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Upon review, the Court denies Movants' motion to intervene of right. The court concludes intervention of right is not appropriate because the underlying matter involves a discrete proceeding to enforce a subpoena as to a particular target, and Movants have not made a

showing, or even argued, that their particular records are being targeted by the subpoena at issue. To the extent that Movants have an interest in their own records in the UCSD, that interest is too attenuated from the pending action to satisfy the interest requirement for intervention of right under Rule 24(a).

In so ruling, the court finds this case distinguishable from the Oregon court's ruling in *Oregon Prescription Drug Monitoring Program v. U.S. Drug Enforcement Administration*, 998 F. Supp. 2d 957 (D. Or. 2014) ("*Oregon PDMP*"), a case heavily relied upon by Movants. In that case, the Oregon state agency administrating the prescription monitoring program sought a declaratory judgment against the DEA regarding the propriety of any DEA subpoena of its records, thus implicating all records in the database. Here, unlike in *Oregon PDMP*, the DEA has made a particularized request for the records of one medical provider suspected of violating the Controlled Substances Act.

### B. Permissive Intervention Under Rule 24(b) is Appropriate.

Although they do not meet the requirements for intervention of right, the court concludes that Movants meet the criteria for permissive intervention under Rule 24(b). Pursuant to Rule 24(b), it is within the discretion of the court to allow intervention when there is a timely application, Movants' claim or defense and the main action have a question of law or fact in common and intervention would not unduly delay or prejudice the rights of the original parties. Fed. R. Civ. P. 24(b); *see also Statewide Masonry v. Anderson*, 511 Fed. Appx. 801, 808 201 U.S. App. LEXIS 3853 (10th Cir. 2013) ("Permissive intervention is a matter entrusted to the discretion of the district court. . . .") Also relevant is whether Movants "will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *State of Utah v. Kennecott Corp.* 801 F.

Supp. 553, 571-72 (D. Utah 1992); *appeal dismissed* 14 F.3d 1489 (10th Cir. 1994); *cert. denied* 413 U.S. 872, 115 S. Ct. 197, 130 L. Ed. 2d 129 (1994). The court applies these factors to the matter at hand.

First, Movants' motion is timely. Second, Movants assert a claim or defense that shares a common question of law or fact with a claim or defense asserted by the Respondents--- that the Fourth Amendment protects UCSD records. While there is some likely some divergence between the arguments, Rule 24(b) does not require proposed intervenors to raise the exact same claim or defense, only a similar or overlapping one. Moreover, the participation of Movants will not delay this proceeding and there does not appear to be any prejudice to the DEA in allowing Movants to intervene. Further, if there is any prejudice it is minimal and outweighed by Movants' ability to "significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the questions presented." *Utah Dep't of Health v. Kennecott Corp.* 232 F.R.D. 392, 398 (D. Utah 2005) (citation and internal quotation marks omitted.)

The court finds the DEA's reliance upon *United States v. Michigan Dep't of Cmty. Health*, No. 10-mc-109, 2011 WL 2412602 (W.D. Mich. June 9, 2011) unpersuasive. In *Michigan*, there could be no reasonable expectation of privacy in records related to medical marijuana because marijuana is illegal under federal law. The current matter is distinguishable because Movants can make an argument that they have a reasonable expectation of privacy in the UCSD records.

Accordingly, Movants' motion for permissive intervention is granted pursuant to Federal Rule of Civil Procedure 24(b). The court finds Movants are uniquely situated to make arguments, contribute to the underlying legal issues and inform the Court on privacy related matters.

4

## ORDER

Movants' motion for permissive intervention pursuant to Rule 24(b) is GRANTED (Dkt. No.19.) However, the Court limits Movants' intervention to briefing and argument regarding Movants' memorandum in opposition to the DEA's petition. As a result, Movants may not raise additional counterclaims, cross claims, or participate in any discovery.

Dated this 7th day of November, 2016.

_____
Dustin Pead
U.S. Magistrate Judge for the District of Utah