IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,<br><br>Petitioner,<br><br>v.<br><br>UTAH DEPARTMENT OF COMMERCE and UTAH DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO THE MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 2:16-cv-611-DN-DBP<br><br>District Judge David Nuffer |

The United States Department of Justice, Drug Enforcement Administration (DEA) objects[1] to the order issued by Magistrate Judge Dustin Pead[2] allowing limited, permissive intervention to movants Salt Lake County Firefighters IAFF Local 1696, Equality Utah, the American Civil Liberties Union of Utah, John Doe 1, and John Doe 2 (Movants). On review of a magistrate judge's nondispositive order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[3]

The Order noted at the onset that the "ruling is limited solely to the issue of intervention and the court does not address the underlying merits of the case or make any determination

---

[1] Rule 72(a) Objections to Magistrate Judge's Order of November 7, 2016 (Objection), docket no. 50, filed November 21, 2016.

[2] Ruling & Order (Order), docket no. 47, filed November 7, 2016.

[3] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

regarding Fourth Amendment privacy interests in personal, medical information."[4] While finding that intervention of right under Rule 24(a) of the Federal Rules of Civil Procedure was not appropriate, Judge Pead concluded that permissive intervention under Rule 24(b) was appropriate.[5] In allowing permissive intervention, Judge Pead found that "Movants assert a claim or defense that shares a common question of law or fact with a claim or defense asserted by the Respondents--- that the Fourth Amendment protects [Utah Controlled Substances Database (UCSD)] records."[6] Further, Judge Pead found that allowing intervention would "'significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the questions presented.'"[7] Therefore, Judge Pead granted Movants permissive intervention under Rule 24(b), but limited their "intervention to briefing and argument regarding Movants' memorandum in opposition to the DEA's petition" and did not permit them to "raise additional counterclaims, cross claims, or participate in any discovery."[8]

    DEA objects to the Order claiming that because the State Respondents do not have standing to raise a Fourth Amendment defense, Movants cannot intervene based on that same Fourth Amendment claim or defense that they share with the State Respondents.[9] DEA's objections are based on its contention that neither Respondents nor Movants can assert a Fourth Amendment defense, but that issue is not resolved. The Order specifically stated that the "ruling was limited *solely* to the issue of intervention."[10] The Order also explicitly stated that it did not "address the underlying merits of the case or make *any determination* regarding Fourth

---

[4] Order at 1.

[5] *Id*. at 2-4.

[6] *Id*. at 4.

[7] *Id*. (quoting Utah Dep't of Health v. Kennecott Corp. 232 F.R.D. 392, 398 (D. Utah 2005)).

[8] *Id*. at 6.

[9] Objection at 9.

[10] Order at 1 (emphasis added).

Amendment privacy interests in personal, medical information."[11] The viability of the Fourth Amendment defense raised by either Respondents or Movants has not yet been considered by the court. Consequently, based only on the factors necessary for permissive intervention under Rule 24(b), Judge Pead correctly found that Movants had met those factors in their "claim or defense that share[d] a common question of law or fact with a claim or defense asserted by the Respondents--- that the Fourth Amendment protects UCSD records."[12]

## ORDER

IT IS HEREBY ORDERED that the Rule 72(a) Objections to the Magistrate Judge's Order of November 7, 2016[13] is OVERRULED because the Order is not clearly erroneous or contrary to law. Movants limited permissive intervention is permitted under Rule 24(b) as outlined in the Order.[14]

Signed February 16, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[11] *Id.* (emphasis added).

[12] *Id.* at 4.

[13] Docket no. 50.

[14] Order at 5.