IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,**<br><br>*Petitioner*,<br><br>v.<br><br>**UTAH DEPARTMENT OF COMMERCE and UTAH DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING,**<br><br>*Respondents.* | **Case No. 2:16-cv-00611-DN-DBP**<br><br>**MEMORANDUM DECISION**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Dustin B. Pead** |
| **UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,**<br><br>*Petitioner*,<br><br>v.<br><br>**IAFF LOCAL 1696, EQUALITY UTAH, AMERICAN CIVIL LIBERTIES UNION OF UTAH, JOHN DOE 1, and JOHN DOE 2,**<br><br>*Respondents-Intervenors.* | |

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 28.) This case involves a dispute over the Utah Department of Commerce and Utah Division of Occupational & Professional Licensing's duty to respond to an administrative subpoena issued by the Drug Enforcement Administration ("DEA"). The case is presently before the court on the

"Motion to Proceed Using Pseudonyms" filed by IAFF Local 1696, Equality Utah, the American Civil Liberties Union of Utah, John Doe 1 and John Doe 2 ("ACLU"). (ECF No. 20.)

## DISCUSSION

### I. John Does 1 and 2 may proceed using pseudonyms

#### a. Parties' arguments

ACLU argues that John Doe 1 and John Doe 2 ("Doe Intervenors") should be allowed to proceed using pseudonyms because disclosure of their true names will result in the very harm they seek to avoid by this litigation. (ECF No. 20 at 3–6.) Doe Intervenors provided the court with information about the medications they have been prescribed as well as the underlying conditions those medications are intended to treat. (*See* ECF No. 19, Ex. 4–5.) Accordingly, ACLU asserts that forcing Doe Intervenors to reveal their identities now would destroy the privacy rights they assert to their prescription records held in Utah's Controlled Substance Database. Similarly, ACLU argues pseudonyms are appropriate because this case involves "matters of a highly sensitive and personal nature." (ECF No. 20 at 7.)

DEA argues this case is not an exceptional case that warrants use of pseudonyms because the requested relief (requiring DEA to obtain a warrant to access CSD records) "has only an attenuated connection to the public disclosure of the Doe Intervenors' names as parties." (ECF No. 53 at 6.) DEA also argues that the nature of Doe Intervenors' prescription information is not sufficiently sensitive or personal to warrant protection because a broad range of litigation requires plaintiffs to disclose medical information.

#### b. Analysis

The court enjoys discretion to allow a plaintiff to proceed using a pseudonym. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). Use of pseudonyms is "proper

where 'if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid.'" *Id.* (quoting *Roe v. Ingraham*, 364 F. Supp. 536, 541 (S.D.N.Y. 1973)). The *Ingraham* court granted permission for several patients taking medications to proceed by fictitious names in their constitutional challenge to New York's statute requiring reporting and collection of prescription information.[1] *See Ingraham* at 540–41.

The court finds Doe Intervenors fit easily within this framework and should be allowed to proceed using pseudonyms.[2] Doe Intervenors intervened here to assert their constitutional right to privacy in records contained in Utah's Controlled Substance Database. Much like the *Ingraham* intervenors, their attempt to assert a reasonable expectation of privacy could injure the right they seek to protect. Public disclosure of their identities ties Doe Intervenors to the list of medications and medical conditions they earlier provided to the court. Such disclosure would be particularly harmful to John Doe 1, who has explained that "taking prescription medication is taboo in [his] religious community." (ECF No. 62 at 4.)

Additionally, requiring disclosure of Doe Respondents' identities would not serve the interests favoring disclosure as set forth in *Lindsey*. The *Lindsey* court was concerned with prejudice to the defendants in discovery, "establishing their defenses, and in fixing res judicata effects of judgments." *Lindsey* at 1125. DEA does not identify any such prejudice here. ACLU, including Doe Intervenors, plays a limited role in this case. (*See* ECF No. 47.) Doe Intervenors

---

[1] These same litigants proceeded anonymously before the United States Supreme Court. *See Whalen v. Roe*, 429 U.S. 589 (1977).

[2] It does not appear that Doe Intervenors face the same textual requirement as a plaintiff to proceed anonymously because they intervened as respondents in a case with no complaint. *See* Fed. R. Civ. P. 10(a) (stating "[t]he title of the complaint must name all the parties"). Yet, the court finds it need not consider the matter further because Doe Intervenors successfully argue that they meet the standard applicable to a plaintiff.

will not conduct discovery and they have filed no complaint for DEA to defend. Relatedly, there is no apparent risk to finality here. This case involves a petition to enforce a single subpoena. Doe Intervenors seek to quash or modify that subpoena, rather than affirmatively seek relief from DEA. DEA supports its subpoena by arguing ACLU lacks standing. Thus, if the court accepts DEA's argument, the judgment would not preclude later substantive Fourth Amendment challenges by Doe Intervenors, regardless of their identities. Also, there does not appear to be any risk of a successive challenge by Doe Intervenors to this subpoena. While the court is unable to determine DEA's factual basis for its argument, DEA claims that Doe Intervenors' records are not implicated by the subpoena here. (*E.g.* ECF No. 53 at 7.) Taking DEA at its word, Doe Intervenors will not be challenging this subpoena again in any forum once the current petition for enforcement is decided.

To support its argument against use of pseudonyms, DEA cites *Femedeer v. Haun*, 227 F.3d 1244 (10th Cir. 2000), in which the Tenth Circuit found an appellee could not proceed using a pseudonym in his challenge to Utah's sex offender notification scheme. While this court acknowledges that both cases involved constitutional challenges to state statutes, the plaintiff's purportedly-private information in *Femedeer* was presumed to be a matter of public record. *See id.* at 1246 ("While we appreciate [plaintiff]'s interest in attempting to prevent disclosure of his status as a sex offender, such disclosure has presumably already occurred in the underlying conviction."). Here, nothing suggests Doe Intervenors' prescription records or medical conditions are a matter of public record. Accordingly, the court chooses not to follow *Femedeer*.

Next, and perhaps most troubling, DEA does not suggest that it might suffer any harm if Doe Intervenors proceed by pseudonym. In fact, DEA goes so far as to call the information provided by Doe Intervenors "irrelevant" to these proceedings. (ECF No. 53 at 10.) It is unclear to the

court why DEA so vigorously opposes the motion if they can identify no harm stemming from Doe Intervenors' use of pseudonyms.

DEA raises one valid interest by inserting a few quotations regarding "First Amendment protections of freedom of speech and press." (*Id.* at 4.) Yet, DEA undermines this argument. DEA suggests Doe Intervenors should have intervened under their true names and requested the court seal their declarations containing medical information. (*Id.* at 10.) As ACLU points out, DEA's alternative would result in loss of public access to the information most pertinent to this lawsuit. Doe Intervenors' names have little bearing on the outcome of this case, but the details of their medical records are relevant to their privacy concerns. Thus, the court will allow Doe Intervenors to proceed using pseudonyms in this case.

The court does not reach ACLU's second argument that Doe Intervenors' prescription and medical information involves "matters of a highly sensitive and personal nature." (ECF No. 20 at 7) (quoting *Femedeer* at 1246.)

## ORDER

Based on the foregoing, ACLU's "Motion to Proceed Using Pseudonyms" is **GRANTED**. (ECF No. 20.)

Dated this 10th day of March 2017.

By the Court:

Dustin B. Pead
United States Magistrate Judge