DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorney General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@utah.gov
E-mail: gmsoderberg@utah.gov

*Counsel for State Respondents*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,<br><br>Petitioner,<br>v.<br><br>UTAH DEPARTMENT OF COMMERCE and UTAH DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING,<br><br>Respondents. | **STATE RESPONDENTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:16-cv-611-DN<br><br>Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |
| UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,<br><br>Petitioner,<br>v.<br><br>IAFF LOCAL 1696, EQUALITY UTAH, AMERICAN CIVIL LIBERTIES UNION OF UTAH, JOHN DOE 1, and JOHN DOE 2,<br><br>Respondents-Intervenors. | |

Pursuant to Federal Rule of Civil Procedure 72(b)(2), the Utah Department of Commerce and the Utah Division of Occupational & Professional Licensing ("State Respondents"), join in and adopt Respondent-Intervenors' objections[1] to the Report and Recommendation ("R&R") issued by Magistrate Judge Dustin B. Pead on March 10, 2017.[2] For the reasons set forth in Respondent-Intervenors' objections, the R&R errs in concluding that the Petitioner Drug Enforcement Administration ("DEA") use of an administrative subpoena to access sensitive and confidential prescription records held in the Utah Controlled Substance Database ("UCSD") does not violate the Fourth Amendment.

The R&R further errs by requiring State Respondents "to comply with DEA's subpoena immediately or face contempt sanctions."[3]  State Respondents have every intention of complying with the orders of this Court, subject to their right to pursue further judicial review if appropriate. Accordingly, the threat of contempt sanctions is premature and unnecessary.

To require State Respondents to comply "immediately" or else "face contempt charges" is also impractical and unfair.  Requiring "immediate" compliance effectively prevents State Respondents from complying with the Court's order because immediate compliance is impossible:  If the Court adopts the R&R, as soon as the Court's order is issued the State Respondents will be in violation.  As a practical matter, State Respondents will need a brief period of time to gather the requested information.  Moreover, State Respondents should be afforded a brief period of time to evaluate whether they choose to appeal the Court's ruling

---

[1] Docket No. 66.
[2] Docket No. 65.
[3] *Id*. at 19.

before being required to produce information to the DEA that would likely moot any appeal. Accordingly, if the Court adopts the R&R, State Respondents respectfully request that they be provided two days from the date of the Court's order to evaluate whether to appeal the Court's ruling or, alternatively, comply with the November 12, 2015 subpoena.[4]

DATED:  March 24, 2017.

                            OFFICE OF THE UTAH ATTORNEY GENERAL

                            /s/ David N. Wolf
                            DAVID N. WOLF
                            GREG SODERBERG
                            Assistant Utah Attorney General
                            *Counsel for Respondents*

---

[4] State Respondents are cognizant of DEA's contention that the information it seeks is needed to investigate an international criminal drug syndicate. *See* doc. 8, p. 3, ¶ 5. State Respondents do not seek to impede DEA's investigation through delay or otherwise.  However, DEA originally served its subpoena on June 17, 2015 (*see* doc. 24, p. 8-9, ¶ 24-29) and, despite being fully aware of State Respondents inability to comply (*see id*.), DEA did not initiate this legal action until one year later on June 14, 2016. *See* doc. 2.  Given DEA's long delay in seeking to enforce its administrative subpoena, allowing State Respondents forty-eight hours to compile the requested information and evaluate whether they seek to appeal the Court's ruling is appropriate.