CHAD A. READLER, Acting Assistant Attorney General
JOHN W. HUBER, United States Attorney
DANIEL D. PRICE, Assistant United States Attorney (Utah Bar No. 2646)
JACQUELINE COLEMAN SNEAD, Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar No. 9846)
kathryn.wyer@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Tel: (202) 616-8475
*Attorneys for Petitioner*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,<br><br>Petitioner,<br>v.<br><br>UTAH DEPARTMENT OF COMMERCE and UTAH DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING,<br><br>Respondents. | CASE NO. 2:16-cv-611-DN-DBP<br><br>**PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Chief Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |
| UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,<br><br>Petitioner,<br>v.<br><br>AMERICAN CIVIL LIBERTIES UNION et al.,<br><br>Respondent-Intervenors. | |

Petitioner in this action to enforce an administrative subpoena issued by the Drug Enforcement Administration ("DEA") submits this Notice of Supplemental Authority to inform the Court of the Supreme Court's recent decision in *Town of Chester v. Laroe Estates, Inc.*, No. 16-605, 2017 WL 2407473 (U.S. June 5, 2017).

At the March 9, 2017 hearing before the Magistrate Judge in this action, undersigned counsel reported the status of a case before the Ninth Circuit, *Oregon Prescription Drug Monitoring Program v. U.S. Drug Enforcement Administration*, No. 14-35402 (9th Cir.) ("*Or. PDMP*"), in which the American Civil Liberties Union ("ACLU"), an Intervenor-Respondent in this case, had intervened in order to assert claims similar to those it has asserted here. At that time, the Ninth Circuit had withdrawn *Or. PDMP* from submission, pending the Supreme Court's decision in *Town of Chester*, due to the potential impact of the Court's decision on ACLU's intervenor status. *See* Order of Jan. 30, 2017, *Or. PDMP* (9th Cir.).[1] *Town of Chester* holds that "an intervenor must meet the requirements of Article III if the intervenor wishes to pursue relief not requested by a plaintiff." *Town of Chester*, 2017 WL 2407473, at *2; *id.* at *5 (citing the principle that "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought" (internal quotation omitted)).

DATED this 14th day of June, 2017.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
JOHN W. HUBER
United States Attorney
DANIEL D. PRICE (Utah Bar No. 2646)

[1] As undersigned counsel indicated at the hearing, the Ninth Circuit's Order stayed operation of a state law requirement that federal law enforcement obtain a court order in order to access state prescription drug database information, noting that the State conceded that that requirement was preempted by 21 U.S.C. § 876, the same federal statute at issue here. *See id.*

Assistant United States Attorney
JACQUELINE COLEMAN SNEAD
Assistant Director, Federal Programs Branch

s/ Kathryn L. Wyer
KATHRYN L. WYER (Utah Bar No. 9846)
kathryn.wyer@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Tel: (202) 616-8475
*Attorneys for Petitioner*